UNITED STATES DISTRICT COURT
DISTRICT OF CONNETICUT

| | | |
|---|---|---|
| **WESTPORT INSURANCE COMPANY,** | ) | CIVIL ACTION |
| | ) | NO. 3:03CV772 (CFD) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RAYMOND J. LEMLEY** and | ) | |
| **MAURICE LAFRENIERE** | ) | |
| | ) | |
| Defendants | ) | MARCH 17, 2004 |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, WESTPORT INSURANCE CORPORATION ("Westport"), for its Complaint for Declaratory Judgment against Defendants RAYMOND J. LEMLEY ("Lemley") and MAURICE LaFRENIERE ("LaFreniere"), states as follows:

### VENUE, JURISDICTION AND APPLICABLE LAW

1. Westport brings this action for declaratory judgment pursuant to 28 U.S.C. 2201, for a declaration of its rights and obligations under an insurance policy issued to the law firm of Lemley and Block.

2. This court has subject matter jurisdiction over this matter based upon diversity of citizenship between Westport and all Defendants pursuant to 28 U.S.C. 1332(a), and the amount in controversy exceeds $75,000, exclusive of costs and interest.

3. Venue is appropriate pursuant to 28 U.S.C. 1391 because the events or omissions giving rise to this claim occurred in this judicial district and because all Defendants are subject to personal jurisdiction in the State of Connecticut.

## THE PARTIES

4. Westport is, and at all times relevant hereto was, an insurance corporation incorporated under the laws of the state of Missouri, with its principal place of business in that state, and duly licensed to underwrite policies of professional liability insurance in the State of Connecticut and to sell such policies to attorneys of the State of Connecticut.

5. Based upon information and belief, Lemley is, and at all times relevant hereto was, an individual licensed to practice law in the State of Connecticut and a partner in the law firm of Lemley and Block.

6. Based upon information and belief, LaFreniere is an individual resident of the State of Connecticut.

## THE WESTPORT POLICY

7. On or about July 1, 2002 Westport issued a "claims made and reported" Lawyers Professional Liability insurance policy to Lemley and Block (hereinafter the "Policy").

8. The Policy was assigned, and at all times relevant hereto was known as, Westport policy number CTB-005441 (the "Policy"). A copy of the Policy was attached as Exhibit A to the original Complaint filed by Westport. Westport incorporates that Policy as Exhibit A to this First Amended Complaint.

9. At its inception, the Policy provided professional liability coverage for covered claims made and reported during the policy period of July 1, 2002 through July 1, 2003.

10. The Policy provides, in relevant part:

## **GENERAL TERMS AND CONDITIONS**

EXCLUSIONS

    This POLICY shall not apply to any CLAIM based upon, arising out of, attributable to or directly or indirectly resulting from:

B.      any act, error, omission, circumstance or PERSONAL INJURY occurring prior to the effective date of this POLICY if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM.

11.      The Policy further provides, in relevant part:

**LAWYERS PROFESSIONAL LIABILITY COVERAGE UNIT**

    **V.**      **Cooperation of the Insureds**

    A.      All INSUREDS shall cooperate with the Company in providing information requested by the Company regarding any CLAIM or GRIEVANCE reported under the POLICY. All INSUREDS shall cooperate with the Company in the investigation of any GRIEVANCE and in the defense, investigation, and settlement of any CLAIM. Upon the Company's request, the INSURED(S) shall submit to examination or questioning under oath, attend hearings, depositions and trials and assist in effecting settlements, securing and giving evidence and obtaining the attendance of witnesses in the conduct of suits.

### **LaFRENIERE'S UNDERLYING CLAIM AGAINST LEMLEY**

12.      On or about October 8, 2002, LaFreniere filed in the Superior Court of the State of Connecticut, Judicial District of Waterbury, a Complaint naming Lemley as the Defendant. A copy of the LaFreniere's Complaint was attached as Exhibit B to the original Complaint filed by Westport. Westport incorporates that Complaint as Exhibit B to this First Amended Complaint.

13.      In his Complaint, LaFreniere, *inter alia*, alleges as follows:

      a.      That on July 7, 1999, LaFreniere retained Lemley to defend him in a lawsuit filed against LaFreniere by the Commissioner of Environmental Protection of the State of Connecticut in the Judicial District of Hartford;

      b.      That Lemley failed to appear for a pretrial conference in said action and, as a result, the court entered a default against LaFreniere;

      c.      That Lemley failed to appear at the subsequent hearing on damages or attempt to open the default;

      d.      That on November 15, 2000, the Judicial District of Hartford entered a judgment against LaFreniere and in favor of the Commissioner of Environmental Protection in the amount of $800,192.00;

      e.      That Lemley never sought to open or set aside the judgment or to take an appropriate appeal.

14. Based upon the above allegations, LaFreniere seeks damages for the judgment and, also, damages arising out of LaFreniere's alleged inability to obtain the proper licensing necessary to operate LaFreniere's business.

15. Lemley was served with a copy of LaFreniere's Complaint on October 3, 2002 and reported the lawsuit against him to Westport the same day.

16. Based upon information and belief, the claims made in the Complaint were first made during the Policy Period.

17. After having investigated the matter, Westport fully reserved its rights under the Policy, specifically citing Exclusion B on January 13, 2003.

18. On or about, October 29, 2002, Westport assigned the defense of the Complaint to the law firm Updike, Kelly, and Spellacy.

4

19.     On this same occasion, Westport requested Lemley to send a complete copy of the file regarding his representation of LaFreniere to Westport. Westport further directed Lemley to give defense counsel Brigham his full cooperation in defending the Complaint.

20.     Subsequently, Lemley failed to provide either Westport or defense counsel with a copy of the file regarding his representation of LaFreniere.

21.     During the period of October 29, 2002 through January 29, 2003, despite repeated efforts by both Westport and defense counsel to initiate correspondence with Lemley, Lemley refused to acknowledge their requests for information and failed to return phone calls from said parties.

22.     On or about January 29, 2003, Westport informed Lemley that his further failure to cooperate with Westport and defense counsel regarding the defense of the Complaint would constitute a material breach of the Policy and result in a loss of coverage under the Policy.

23.     Although Lemley eventually contacted defense counsel, to date, Lemley has never provided either Westport or defense counsel with a copy of the requested file regarding his representation of LaFreniere nor any other documents or information relevant to the defense of the Complaint.

24.     Westport has not denied coverage to Lemley and continues to fund Lemley's defense against the claims made by LaFreniere pursuant to a full reservation of rights.

## COUNT I - DECLARATORY JUDGMENT

25.     Westport re-alleges each and every allegation as set forth in paragraphs 1 through 24, above, as if set forth in full herein.

26.     The alleged acts, errors, omissions and/or circumstances which form the basis of LaFreniere's lawsuit against Lemley occurred before the effective date of the Policy.

27.     Based upon information and belief, Lemley knew of the acts, errors, omissions and/or circumstances which form the basis of LaFreniere's lawsuit against Lemley prior to the July 1, 2002 inception date of the Policy.

28.     Prior to the effective date of the Policy, Lemley knew or could have reasonably foreseen that any such act, error, omission and circumstance might be the basis of a claim.

29.     Therefore, Exclusion B of the Policy excludes coverage for any liability incurred Lemley as a result of the LaFreniere's suit.

## COUNT II – DECLARATORY JUDGMENT

30.     Westport re-alleges each and every allegation as set forth in paragraphs 1 through 29, above, as if set forth in full herein.

31.     Furthermore, Lemley's continued repeated failure to cooperate with Westport and defense counsel in defense of the Complaint constitutes a material breach of the Policy.

32.     Therefore, pursuant to the duty to cooperate explicit in Section V of the Lawyers Professional Liability Unit of the Policy, Lemley's breach constitutes grounds for denial of coverage under the Policy.

WHEREFORE, Westport prays this Court to:

    A.     Adjudicate and determine the rights and obligations of the parties hereto under the Policy, if any;

    B.     Declare that Westport has neither a duty to defend nor to indemnify Lemley in connection with the lawsuit brought against Lemley by LaFreniere; and

    C.     Grant Westport such further relief as this Court deems equitable and just.

                  PLAINTIFF,
                  WESTPORT INSURANCE COMPANY


              By:_____
                  John Lemega, Esq.
                  Fed. Bar #ct04250
                  Halloran & Sage, LLP
                  One Goodwin Square
                  225 Assylum Street
                  Hartford, Connecticut 06013
                  (860) 522-6103

                  Of counsel:

                  Bryan G. Schumann, Esq.
                  Rostyslaw J. Smyk, Esq.
                  Bollinger Ruberry & Garvey
                  Citicorp Center, Suite 2300
                  500 West Madison Street
                  Chicago, Illinois 60661
                  (312) 466-8000

## **CERTIFICATION**

      I certify that on this 17th day of March, 2004, a copy of the foregoing First Amended Complaint for Declaratory Judgment was mailed, post-prepaid or hand-delivered to:

Eric M. Grant, Esq.
Keith P. Zanni, Esq.
Yamin & Grant
182 Grand Street, Suite 417
Waterbury, CT  06702


Mr. Raymond J. Lemley
One West Hills Road
Ivoryton, Connecticut


                                      _____
                                      John W. Lemega


526961